UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| DATATREASURY CORP.<br><br>PLAINTIFF<br><br>vs.<br><br>INGENICO S.A., d/b/a GROUPE INGENICO and INGENICO, INC.<br><br>DEFENDANTS | Civil Action No. 5:02CV095<br>Folsom/Craven |

## INGENICO, INC.'S MOTION TO COMPEL CLAIM CONSTRUCTION DISCOVERY FROM DATATREASURY

Defendant, Ingenico, Inc. ("Ingenico"), in accordance with Fed. R. Civ. P. 37(a)(2)(B), hereby moves the Court for an Order compelling Plaintiff DataTreasury Corporation ("DataTreasury") to provide full and complete responses to Interrogatory Nos. 9 and 18, and to produce all non-privileged documents responsive to Document Request No. 34. Each of these discovery requests directly relates to claim construction discovery in the present civil action. A proposed form of Order is attached.[1]

---

[1] Copies of the relevant pages from Plaintiff's Responses and Objections to Ingenico, Inc.'s First Set of Interrogatories (Nos. 1-19) are attached as Exhibit A. A copy of the relevant page from Plaintiff's Responses and Objections to Defendant Ingenico, Inc.'s First Set of Requests for Production (Nos. 1-232) is attached as Exhibit B.

I.

## INTRODUCTION

The present motion relates to DataTreasury's discovery responses on the issue of claim construction. Under the currently controlling schedule in this case, claim construction discovery closes on April 14, 2003. The two interrogatories at issue (numbers 8 and 18) involve some of the most basic and essential information to any defendant in a patent infringement case. Ingenico has asked DataTreasury to define the "level of ordinary skill in the art" relevant to its proposed interpretation of the claims of the patents-in-suit and to identify those portions of the patents-in-suit that DataTreasury contends support its current claim construction regarding encryption. *See* Exhibit A at 6-7, 12. In addition, Document Request No. 34 asks DataTreasury to produce documents DataTreasury believes support its current claim interpretations. *See* Exhibit B at 40. DataTreasury refuses to provide substantive answers to the interrogatories, asserting that the requested information is "premature" and/or "privileged." DataTreasury has also withheld documents and materials responsive to Document Request No. 34 based upon "privilege." For the reasons below, particularly given the approaching deadline for claim construction discovery, Ingenico submits that the Court should order DataTreasury to provide the requested discovery by April 30, 2003 or be precluded from offering testimony or evidence on the same points in support of its claim construction arguments.

II.

## DATATREASURY'S DEFICIENT RESPONSES

A. <u>Interrogatory No. 9</u>

Interrogatory No. 9 asks DataTreasury to "[d]escribe in detail the level of one of ordinary skill in the art at the time of the alleged invention of the subject matter of the patents in suit,

2

stating his/her qualifications from the standpoint of education, experience and ability." Exhibit A at 6. DataTreasury refused to provide a substantive response but instead objected on the grounds that the information is "premature" and "protected from discovery by the consulting expert privilege." *Id.* at 7. DataTreasury also offered to "supplement its response to this interrogatory in accordance with the Court's docket control order, additional scheduling orders, and the Patent Local Rules." *Id.*

DataTreasury's contention that the interrogatory is "premature" is baseless. An essential predicate to any infringement analysis is an understanding of the requisite level of skill in the art to which the claimed inventions pertain. Thus, when DataTreasury filed its original complaint, it obviously examined the claims of the patents-in-suit and compared them to the accused Ingenico products. Otherwise, it had no basis for suing Ingenico. Moreover, the parties are now well into the claim construction process. It is therefore inconceivable that the information requested by Interrogatory No. 9 could be considered "premature."

Nor can DataTreasury withhold this information under the guise of some undefined "consulting expert privilege." DataTreasury's view of the "relevant level of skill in the art" is a fundamental precept of its claim construction and infringement accusations. DataTreasury will surely have in mind a definition of that skill level as it makes its claim construction arguments to the Court. Thus, DataTreasury should not be permitted to withhold its definition of the "relevant level of skill in the art" any longer.

B.   Interrogatory No. 18

Interrogatory No. 18 asks DataTreasury to "[i]dentify by column and line number and/or figure number each and every portion of the patents-in-suit that DataTreasury contends supports

3

its contention that password protection falls within the scope of the term 'encrypted.'" *Id.* at 12. Like Interrogatory No. 9, DataTreasury has refused to provide a substantive answer to the interrogatory and characterized the information as "premature." It also claims that Interrogatory 18 seeks "information protected from discovery by the consulting expert privilege." *Id.* at 12.

Again, the parties are in the midst of claim construction discovery, which closes on April 14, 2003 under the schedule currently in place. Therefore, now is the proper time for DataTreasury to provide the requested information. Otherwise, the entire purpose of claim construction discovery would be thwarted.

Further, the specific portions of the '988 and '137 patents that DataTreasury believes support its proposed claim scope cannot be considered "privileged," especially at this stage of the litigation. Again, DataTreasury will likely present the same information to the Court in advancing its proposed claim constructions. Even assuming that it consults with its experts on that subject, DataTreasury should answer the interrogatory by explaining where in the patent specifications it finds support for its proposed claim scope.

C.   Document Request No. 34

Document Request No. 34 calls for "[a]ll documents that are relevant to or that refer to construction of the claims of U.S. Patent No. 5,910,988 and/or U.S. Patent No. 6,032,137." Exhibit B at 40. DataTreasury objected to the request, asserting and withholding documents and materials based upon, *inter alia*, the "consulting expert privilege." *Id.* For the same reasons stated above, those objections are without merit. Further, to the extent DataTreasury intends to present claim construction testimony from experts using documents and other materials, those documents should be immediately identified or produced.

III.

## CONCLUSION

For the foregoing reasons, Ingenico, Inc.'s present motion to compel claim construction discovery from DataTreasury should be granted.

                                                                  Respectfully submitted,

                                                                  MERCY, CARTER, TIDWELL
                                                                   &ELLIOTT L.L.P.
                                                                  1724 Galleria Oaks Drive
                                                                  Texarkana, Texas 75503
                                                                  (903) 794-9419 – Telephone
                                                                  (903) 794-1268 – Facsimile

April 10, 2003

                                                  _____
                                                  W. David Carter – Attorney in Charge
                                                  TSB No. 03932780
                                                  John R. Mercy, TSB No. 13947200

                                                  NIXON & VANDERHYE P.C.
                                                  Larry S. Nixon
                                                  James T. Hosmer
                                                  Jonathon T. Reavill
                                                  1100 North Glebe Road, 8th Floor
                                                  Arlington, Virginia 22201
                                                  (703) 816-4000 – Telephone
                                                  (703) 816-4100 – Facsimile

                                                  Counsel for Defendant Ingenico, Inc.

## CERTIFICATE OF SERVICE

I, John R. Mercy, certify that a true and correct copy of Ingenico, Inc.'s Motion to Compel Claim Construction Discovery from DataTreasury has been forwarded via facsimile and U.S. Mail on this 10th day of April, 2003, to the following counsel of record:

Mr. Michael W. Shore
Mr. Alfonso Garcia Chan
SHORE DEARY, L.L.P.
2515 McKinney Ave., Suite 1565
Dallas, Texas 75201
Facsimile: 214-739-3879

Mr. Edward L. Hohn
NIX PATTERSON & ROACH, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
Facsimile: 903-645-2172

Mr. Joe Kendall
Provost & Umphrey Law Firm L.L.P.
3232 McKinney Avenue, Suite700
Dallas, Texas 75204
Facsimile: 214-744-3015

John R. Mercy

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule 7(h), the undersigned hereby certifies that counsel for Ingenico, Inc. has attempted to confer by facsimile letter with opposing counsel in a good faith attempt to resolve the matter without Court intervention. Ingenico, Inc.'s counsel has not received from opposing counsel a response to that facsimile. It is the understanding of Ingenico, Inc.'s counsel that DataTreasury Corp. opposes the present motion.

_____
John R. Mercy

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DATATREASURY CORP., *Plaintiff*, | § § § § § § § § § § § | CIVIL ACTION NO. 5:02-CV-95 JUDGE DAVID FOLSOM JUDGE CAROLINE CRAVEN JURY TRIAL |
| v. | | |
| INGENICO S.A., *d/b/a* GROUPE INGENICO, INGENICO, INC., TASQ TECHNOLOGY, INC., and GLOBAL CARDSERV, L.L.C. *d/b/a* RETRIEVER PAYMENT SYSTEMS, INC., *Defendants*. | | |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO INGENICO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-19)

To: Defendant Ingenico, Inc., by and through its attorney-in-charge W. David Carter, Esq., Mercy, Carter, Tidwell & Elliott L.L.P., 1724 Galleria Oaks Drive, Texarkana, Texas 75503, tel. 903-794-9419, fax 903-794-1268.

Plaintiff DataTreasury Corp. hereby provides the following responses and objections to Ingenico, Inc.'s First Set of Interrogatories:

## GENERAL RESPONSES TO INTERROGATORIES NOS. 1-19:

Because Defendant Ingenico, Inc. has "hereby incorporate[d] by reference the definitions and instructions set forth in its First Set of Requests for Production" in its First Set of Interrogatories, Plaintiff incorporates by reference, as if fully set forth herein, its responses and objections to the definitions and instructions set forth in Plaintiff's Responses and Objections to Ingenico, Inc.'s First Set of Requests for Production.

Pursuant to FED. R. CIV. P. 33(d), Plaintiff additionally responds to each interrogatory by referring to and incorporating by reference all discovery materials that have been or will be produced in this case, including but not limited to documents from Plaintiff, Defendants, and third

PLAINTIFF'S RESPONSES AND OBJECTIONS TO INGENICO, INC'S FIRST SET OF INTERROGATORIES (NOS. 1-19)   -1-


EXHIBIT A

INTERROGATORY NO. 8:

Identify every company or individual who has engaged in any discussion or negotiation with DataTreasury or its authorized representatives regarding a possible license under the '988 and/or '137 patents.

RESPONSE TO INTERROGATORY NO. 8:

Plaintiff objects to this interrogatory to the extent it seeks information protected from discovery by FED. R. EVID. 408 relevant to settlement negotiations with defendants, infringers, and/or potential licensees of the patents in suit.

Plaintiff objects to this interrogatory as seeking information protected from discovery by the attorney-client privilege, as it calls for licensing-related information conveyed in communications between Plaintiff and its trial counsel.

Plaintiff objects to this interrogatory as seeking information protected from discovery by the work product and attorney work product privileges, as it calls for information developed by Plaintiff's trial counsel and their representatives in the course of representing their client in the present action and in other proceedings involving the enforcement of the patents in suit.

Subject to the objection set forth above, Plaintiff responds as follows:

No discoverable information responsive to this interrogatory exists.

INTERROGATORY NO. 9:

Describe in detail the level of one of ordinary skill in the art at the time of the alleged invention of the subject matter of the patents in suit, stating his/her qualifications from the standpoint of education, experience and ability.

PLAINTIFF'S RESPONSES AND OBJECTIONS TO INGENICO, INC'S FIRST SET OF INTERROGATORIES (NOS. 1-19)   -6-

### RESPONSE TO INTERROGATORY NO. 9:

Plaintiff objects to this interrogatory as being premature, as it seeks information subject to expert testimony well in advance of the due date for disclosing the identity, reports, and testimony of experts.

Plaintiff objects to this interrogatory as seeking information protected from discovery by the consulting expert privilege.

Subject to the objections and assertions of privilege set forth above, Plaintiff responds to this interrogatory as follows:

Plaintiff will supplement its response to this interrogatory in accordance with the Court's docket control order, additional scheduling orders, and the Patent Local Rules.

### INTERROGATORY NO. 10:

Identify all damages that DataTreasury claims it has sustained as a result of any alleged infringement by Ingenico, including specifying whether the damage is based upon lost profits or a reasonable royalty, identifying the person(s) who DataTreasury expects to call as a witness to testify about the basis for any such damages claim and identifying all documents that DataTreasury contends support its damages claim.

### RESPONSE TO INTERROGATORY NO. 10:

Plaintiff objects to this interrogatory as being premature, as it seeks information subject to expert testimony well in advance of the due date for disclosing the identity, reports, and testimony of experts.

Plaintiff objects to this interrogatory as seeking information protected from discovery by the consulting expert privilege.

Plaintiff objects to this interrogatory as seeking information protected from discovery by the consulting expert privilege.

Plaintiff objects to this interrogatory as seeking information protected from discovery by the work product and attorney work product privileges, as it calls for information developed by Plaintiff's trial counsel and their representatives in the course of representing their client in the present action and in other proceedings involving the enforcement of the patents in suit.

Subject to the objection set forth above, Plaintiff responds as follows:

No discoverable information responsive to this interrogatory exists.

### INTERROGATORY NO. 18:

Identify by column and line number and/or figure number each and every portion of the patents-in-suit that DataTreasury contends supports its contention that password protection falls within the scope of the term "encrypted."

### RESPONSE TO INTERROGATORY NO. 18:

Plaintiff objects to this interrogatory as being premature, as it seeks information subject to claim construction briefing well in advance of the due date for filing claim construction briefs on this limitation.

Plaintiff objects to this interrogatory as seeking information protected from discovery by the consulting expert privilege.

Subject to the objections and assertions of privilege set forth above, Plaintiff responds to this interrogatory as follows:

Plaintiff will supplement its response to this interrogatory in accordance with the Court's docket control order, additional scheduling orders, and the Patent Local Rules.

INTERROGATORY NO. 19:

For each claim element of the patents-in-suit that DataTreasury contends is "capable" of being infringed by an alleged element of the accused product, describe in detail DataTreasury's contention as to how each cited alleged element of the accused product is "capable" of meeting the claimed element, either literally or under the doctrine of equivalents.

RESPONSE TO INTERROGATORY NO. 19:

DataTreasury objects to this interrogatory on the grounds that it impermissibly seeks to require the Plaintiff to marshal all of its available proof or the proof the Plaintiff intends to offer at trial in contravention of the Federal Rules of Civil Procedure and the Local Rules, including FED. R. CIV. P. 26(a)(3).

Subject to the objections set forth above, Plaintiff responds to this interrogatory as follows:

See Plaintiff's Disclosure of Asserted Claims and Preliminary Infringement Contentions.

### CERTIFICATION

Pursuant to 28 U.S.C. § 1746 and FED. R. CIV. P. 33(b)(1), I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct as of the 26th day of March, 2003.

*[signature]*
KEITH DELUCIA
CHIEF EXECUTIVE OFFICER
DATATREASURY CORP.

---

PLAINTIFF'S RESPONSES AND OBJECTIONS TO INGENICO, INC'S FIRST SET OF INTERROGATORIES (NOS. 1-19)   -13-

Respectfully submitted on the 26th of March, 2003:

*[signature]*

Michael W. Shore, Attorney-in-Charge
Texas Bar No. 18294915
Alfonso Garcia Chan
Texas Bar No. 24012408
SHORE ★ DEARY, L.L.P.
2515 McKinney Avenue, Suite 1565
Dallas, Texas 75201
tel. 214-360-9622
fax 214-739-3879
michael.shore@shore-deary.com
alfonso.chan@shore-deary.com

Edward L. Hohn
Texas Bar No. 09813240
NIX PATTERSON & ROACH, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
tel. 903-645-7333
fax 903-645-2172
edhohn@nixlawfirm.com

ATTORNEYS FOR PLAINTIFF DATATREASURY CORPORATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all the following on the 26th day of March, 2003:

W. David Carter, Esq.
MERCY, CARTER,
TIDWELL, & ELLIOTT, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503

*Via Fax 903-794-1268 and e-mail*

Jonathon T. Reavill, Esq.
NIXON & VANDERHYE, P.C.
11 North Glebe Road, 8th Floor
Arlington, Virginia 22201-4714

*Via Fax 703-816-4100 and e-mail*

*[signature]*
Alfonso Garcia Chan, Esq.
Counsel for Plaintiff DataTreasury Corp.

PLAINTIFF'S RESPONSES AND OBJECTIONS TO INGENICO, INC'S FIRST SET OF INTERROGATORIES (NOS. 1-19)   -14-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| DATATREASURY CORP., | § | CIVIL ACTION NO. 5:02-CV-95 |
| *Plaintiff*, | § | JUDGE DAVID FOLSOM |
| | § | JUDGE CAROLINE CRAVEN |
| v. | § | JURY TRIAL |
| | § | |
| INGENICO S.A., *d/b/a* GROUPE INGENICO, | § | |
| INGENICO, INC., TASQ TECHNOLOGY, INC., | § | |
| and GLOBAL CARDSERV, L.L.C. *d/b/a* | § | |
| RETRIEVER PAYMENT SYSTEMS, INC., | § | |
| *Defendants*. | § | |

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT INGENICO, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-232)

To: Defendant Ingenico, Inc., by and through its attorney-in-charge W. David Carter, Esq., Mercy, Carter, Tidwell & Elliott L.L.P., 1724 Galleria Oaks Drive, Texarkana, Texas 75503, tel. 903-794-9419, fax 903-794-1268.

Plaintiff DataTreasury Corp. hereby provides the following responses and objections to Ingenico, Inc.'s First Set of Requests for Production:

### I. OBJECTIONS TO DEFINITIONS

A.  Defendant Ingenico, Inc.'s definition of "document."

Plaintiff objects to this definition as including documents and materials claimed to be privileged or otherwise not discoverable documents and such materials fall outside the scope of FED. R. CIV. P. 26(b)(1)-(4) which specifically requires material sought in the discovery process to be "not privileged."


EXHIBIT B

REQUEST FOR PRODUCTION NO. 34:

All documents that are relevant to or that refer to construction of the claims of U.S. Patent No. 5,910,988 and/or U.S. Patent No. 6,032,137.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34:

Plaintiff objects to this request, asserts the attorney client privilege, attorney work product privilege and doctrine, work product privilege and doctrine, and consulting expert privilege, and withholds documents and materials covered by these assertions of privilege and doctrines.

In response to this request, Plaintiff refers to and incorporates by reference, as if fully set forth herein, all documents and materials responsive to this request already produced by Plaintiff and all documents and materials produced by Defendants in response to Request for Production No. 6 propounded in Plaintiff's First Set of Requests for Production (Aug. 9, 2002). Above and beyond the documents and materials already produced by Plaintiff, Plaintiff will diligently supplement in accordance with the Court's docket control orders, scheduling orders, Patent Local Rules, and FED. R. CIV. P. 26(e).

Respectfully submitted on the 31st of March, 2003:

*[signature]*

Michael W. Shore, Attorney-in-Charge
Texas Bar No. 18294915
Alfonso Garcia Chan
Texas Bar No. 24012408
SHORE ★ DEARY, L.L.P.
2515 McKinney Avenue, Suite 1565
Dallas, Texas 75201
tel. 214-360-9622
fax 214-739-3879
*michael.shore@shore-deary.com*
*alfonso.chan@shore-deary.com*

Edward L. Hohn
Texas Bar No. 09813240
NIX PATTERSON & ROACH, L.L.P.
205 Linda Drive
Daingerfield, Texas 75638
tel. 903-645-7333
fax 903-645-2172
*edhohn@nixlawfirm.com*

**ATTORNEYS FOR PLAINTIFF DATATREASURY CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon all the following on the 31st day of March, 2003:

W. David Carter, Esq.
MERCY, CARTER,
TIDWELL, & ELLIOTT, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503

*Via e-mail*
*Confirmatory copy sent via first class mail*

Jonathon T. Reavill, Esq.
NIXON & VANDERHYE, P.C.
11 North Glebe Road, 8th Floor
Arlington, Virginia 22201-4714

*Via e-mail*
*Confirmatory copy sent via first class mail*

*[signature]*

Alfonso Garcia Chan, Esq.
Counsel for Plaintiff DataTreasury Corp.